IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARYLON BOYD, for herself and as Executor of the Estate of CAMMERIN BOYD, deceased, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>  Defendants / | No. C-04-5459 MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR BIFURCATION AND MOTION TO STAY; VACATING HEARING**<br><br>(Docket No. 41) |

Before the Court is defendants' motion, filed February 8, 2006, for bifurcation of claims at trial, pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, and to stay discovery on such claims. Plaintiff has filed opposition, to which defendants have replied. Having considered the papers filed in support of and in opposition to the motion, the Court deems the motion suitable for decision on the papers, see Civil L.R. 7-1(b), VACATES the hearing scheduled for March 17, 2006, and rules as follows.

**BACKGROUND**

The instant action arises out of the death of Cammerin Boyd ("Boyd") on May 5, 2004. (See Compl. ¶ 17.) Plaintiff Marylon Boyd is Boyd's mother and the executor of his estate; plaintiffs Isabel Gonzalez and Kanani Boyd are Boyd's children. (See id. ¶ 3.) Plaintiffs allege Boyd was shot and killed by San Francisco police officers while he was attempting to surrender. (See id.) According to plaintiffs, Boyd was a double amputee with prosthetic legs below the knees, was unarmed, and did nothing to provoke the shooting.

1  (See id. ¶ 20.)  Because of his disability, plaintiffs allege, Boyd could not run or get down on
2  the ground, and required assistance when walking or standing.  (See id.)  Plaintiffs allege
3  Boyd told the officers, before he was shot, that he did not have legs.  (See id.)

4        The instant action was filed December 27, 2004 against defendants City and County
5  of San Francisco ("City"), San Francisco Police Chief Heather J. Fong ("Chief Fong"), and
6  San Francisco police officers William Elieff, Gregory Kane, James O'Malley, Timothy Paine,
7  and Steven Stearns (collectively, "individual officers").  Plaintiffs assert the following causes
8  of action:

9        1.  A claim against the individual officers, pursuant to 42 U.S.C. § 1983, for use of
10  excessive force resulting in deprivation of Boyd's life and liberty in violation of the Fourth
11  and Fourteenth Amendments to the United States Constitution, and deprivation of plaintiffs'
12  right to Boyd's companionship in violation of the Fourteenth Amendment;

13        2.  A claim against the City, pursuant to 42 U.S.C. § 1983 and Monell v. New York
14  City Dep't of Social Services, 436 U.S. 658 (1978), based on asserted policies and
15  practices of (1) permitting and encouraging police officers to use violence against African-
16  Americans and members of other minority groups; (2) refusing to investigate and taking no
17  responsive action to known incidents of unjustified shootings and violent acts by police
18  officers; (3) maintaining an inadequate system of "use of force reports"; (4) preparing
19  inadequate investigative reports designed to vindicate the use of force; and (5) failing to
20  adequately train officers in the proper use of force.

21        3.  A claim against the City and Chief Fong, pursuant to 42 U.S.C. § 1983, based on
22  supervisory liability for the individual officers' constitutional violations;

23        4.  A claim against all defendants for violation of the Americans with Disabilities Act,
24  42 U.S.C. § 12101, et seq., based on asserted discrimination against Boyd because of his
25  disability and the City's asserted failure to train officers in the proper manner of detaining
26  individuals with physical disabilities and restricted mobility;

27        5.  A claim against all defendants for wrongful death;

28        6.  A survival action against all defendants to recover damages for Boyd's pain and

suffering; and

7. A claim against all defendants for negligence and negligent hiring, supervision and retention.

**LEGAL STANDARD**

Rule 42(b) of the Federal Rules of Civil Procedure provides that "[t]he court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue, . . . always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States." See Fed. R. Civ. P. 42(b).

**DISCUSSION**

Defendants seek to bifurcate the trial of plaintiffs' claims in such manner that plaintiffs' claims against the individual officers would be tried separately from their claims against the City and Chief Fong. Defendants further seek to stay discovery on the claims against the City and Chief Fong until plaintiffs' claims against the individual officers are adjudicated.

For the reasons stated in defendants' motion and reply, the Court finds bifurcation, in the manner proposed by defendants, is appropriate. In particular, as defendants have shown, bifurcation will avoid prejudice to the individual officers, as the evidence relevant to the claims against the individual officers does not overlap in any meaningful way with the evidence relevant to the claims against the City and Chief Fong. See, e.g., Quintanilla v. City of Downey, 84 F.3d 353, 356 (9th Cir. 1996) (affirming exclusion of Monell evidence from separate trial of excessive force claims against individual officers because "[a]dmitting evidence pertaining to the Monell issue could well have unfairly prejudiced the Chief and city and confused the jury as it considered the individual officers' actions.")

Further, as defendants point out, bifurcation is conducive to expedition and economy because a finding that the individual officers did not deprive Boyd of his constitutional or statutory rights or negligently cause his death is dispositive of plaintiffs' claims against the

1 City and Chief Fong.  See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986)
2 ("[N]either Monell . . . nor any other of our cases authorizes the award of damages against
3 a municipal corporation based on the actions of one of its officers when in fact the jury has
4 concluded that the officer inflicted no constitutional harm.");[1] see also Fairley v. Luman, 281
5 F. 3d 913, 916 (9th Cir. 2002) ("Exoneration of [the individual officer] of the charge of
6 excessive force precludes municipal liability for the alleged unconstitutional use of such
7 force."); Quintanilla, 84 F. 3d at 356 (holding where trier of fact found individual officers did
8 not use excessive force, trial court "correctly entered judgment" for police chief and
9 municipality; distinguishing case where officer's exoneration based on qualified immunity);
10 Scott v. Henrich, 39 F. 3d 912, 916 (9th Cir. 1994) (holding, where individual officers were
11 entitled to judgment on ground they did not use excessive force, municipality was entitled to
12 judgment on claim municipality failed to adequately train officers).

13       The same reasons provide good cause for a stay of discovery with respect to the
14 claims against the City and Chief Fong until plaintiffs' claims against the individual officers
15 are adjudicated.  As plaintiffs acknowledge, in order to prove the unlawful municipal policies
16 alleged, plaintiffs may require discovery with respect to, inter alia, incidents involving non-
17 party officers.  (See Opp. at 14.)  Because such discovery has no apparent relevance to
18 the claims against the individual officer defendants herein, a stay will conserve the
19 resources of the parties and the Court by deferring such discovery until such time as one or
20 more of the individual officers has been found liable or entitled to qualified immunity.[2]  See

---

22 [1] Although plaintiffs correctly note that a municipality may be held directly liable under § 1983 where a plaintiff shows that the "municipality itself violated someone's rights or that it directed its employee to do so," see Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1185 (9th Cir. 2002), there is no such allegation of direct liability in the instant action.

25 [2] A municipality may be held liable for injuries caused by an employee even where the employee is entitled to qualified immunity.  See, e.g., Owens v. City of Independence, 445 U.S. 622, 650-52, 657 (1980) (holding individual officers' entitlement to qualified immunity does not immunize municipalities from Monell liability); see also Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1186 n.7 (9th Cir. 2002) (noting "a municipality may be liable if an individual officer is exonerated on the basis of the defense of qualified immunity").

Fed. R. Civ. P. 26(c) (providing courts may issue protective order to effect that discovery "may be had only on specified terms and conditions" in order "to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense").

### CONCLUSION

For the reasons stated, defendants' motion for bifurcation is hereby GRANTED, and plaintiffs' claims against the individual officers shall be tried separately from the claims asserted against the City and Chief Fong. All discovery relating solely to the claims against the City and Chief Fong is hereby stayed until such time as one or more of the individual officers has been found liable or entitled to qualified immunity.

**IT IS SO ORDERED.**

Dated: March 14, 2006

MAXINE M. CHESNEY
United States District Judge