1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Attorney
3  BLAKE P. LOEBS, State Bar #145790
   SCOTT D. WIENER, State Bar #189266
4  Deputy City Attorneys
   1390 Market Street, 6th Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-3868
6  Facsimile:    (415) 554-3837

7  Attorneys for Defendants

8  LAW OFFICES OF VICKI SARMIENTO
   VICKI I. SARMIENTO, SBN 134047
9  333 No. Garfield Avenue
   Alhambra, California 91801
10 Telephone: (626) 308-1171
   Facsimile: (626) 308-1101

11
   Attorneys for Plaintiffs Kanani Boyd and Isabel Gonzalez
12

13                    UNITED STATES DISTRICT COURT

14                    NORTHERN DISTRICT OF CALIFORNIA

15 | MARYLON BOYD, individually and as Executor of the Estate of CAMMERIN BOYD, deceased, ISABEL GONZALEZ, a minor by and through her Guardian Ad Litem, Isela Gonzalez, and KANANI BOYD, a minor by and through her Guardian Ad Litem, Kamilah Boyd, | Case No. 04-5459 MMC

[**PROPOSED**] STIPULATED CONFIDENTIALITY PROTECTIVE ORDER

Plaintiffs,

vs.

CITY AND COUNTY OF SAN FRANCISCO, HEATHER J. FONG, WILLIAM ELIEFF, GREGORY KANE, JAMES O'MALLEY, TIMOTHY PAINE, STEVEN STEARNS, and DOES 1 TO 10, inclusive,

Defendants.

Protective Order
CASE NO. 04-5459                     1                    c:\documents and settings\hlau\local settings\temp\notese1ef34\proposed stipulated protective order(final).doc

On May 18, 2006, the Court ordered production of certain records (hereinafter referred to as "CONFIDENTIAL MATERIALS") relating to Cammerin Boyd. The Court ordered the parties to meet and confer regarding a confidentiality protective order for such materials. The parties hereby agree to entry of the following order:

1. The CONFIDENTIAL MATERIALS, and the information, and/or contents contained therein, shall not be provided, displayed, exhibited, played, or otherwise disclosed, by counsel or the parties to other persons except as specifically provided herein. The CONFIDENTIAL MATERIALS shall be labeled "Attorneys' and Experts' Eyes Only."

2. The CONFIDENTIAL MATERIALS may be provided only to the following categories of persons and no other unless authorized by order of the Court:

   a. Attorneys for the Parties to this lawsuit,

   b. Experts, or expert consultants retained by counsel to assist in the evaluation, preparation, or trial of this case; however, before any expert, investigator, or consultant is permitted to review the CONFIDENTIAL MATERIALS, such individual must agree to comply with the terms of this Protective Order by executing the document attached as Exhibit A. Experts, investigators, and consultants shall not have any power to authorize further disclosure of CONFIDENTIAL MATERIALS to any other person.

3. The information disclosed in the CONFIDENTIAL MATERIALS is confidential and privileged, and all counsel shall be responsible for insuring compliance with the terms of this Stipulated Protective Order.

4. Nothing contained in this order shall prohibit any person from using or referring to CONFIDENTIAL MATERIALS covered by this Protective Order in motion papers or pleadings filed with the Court, provided that adequate provision is made to protect the confidentiality of the CONFIDENTIAL MATERIALS and provided that any portion of such motion papers or legal pleadings that reference said CONFIDENTIAL MATERIALS, if filed, are filed under seal pursuant to the Court's rules and procedures.

5. In the event any person described in 2(a-b) above, desires to exhibit documents or disclose CONFIDENTIAL MATERIALS covered under this stipulation to witnesses during trial or pretrial proceedings, such person shall meet and confer with counsel to reach an agreement, in accordance with the Court's rules and procedures, on an appropriate method for disclosure. Unless otherwise agreed, transcripts and exhibits that incorporate documents and CONFIDENTIAL MATERIALS covered under this stipulation shall be sealed in accordance with the Court's rules and procedures, and shall be subject to the provisions of this Protective Order.

6. At the conclusion of this litigation, by whatever means resolved, all persons shall return all copies of the CONFIDENTIAL MATERIALS covered by this Stipulation and Order. Alternatively, such materials may be destroyed.

7. This Stipulation and Order shall have no force or effect unless and until the Court signs below.

SO AGREED AND STIPULATED:

DATED: _____

    LAW OFFICES OF VICKI SARMIENTO

    - Signed -
By:_____
    VICKI SARMIENTO
    Attorney for Plaintiffs
    KANANI BOYD and ISABEL GONZALEZ

DATED: _____

    DENNIS J. HERRERA, CITY ATTORNEY
    SCOTT D. WIENER, DEPUTY CITY ATTY

    - Signed -
By:_____
    SCOTT D. WIENER

    Attorneys for Defendants

1
2 **ORDER**
3
   IT IS SO ORDERED.
4
5 DATED: ___June 9, 2006_____
6 By: _____ 
   HON. JOSEPH C. SPERO
7 United States Magistrate Judge
8
9
10
...
28

Protective Order
CASE NO. 04-5459

4

c:\documents and settings\hlau\local
settings\temp\notese1ef34\proposed stipulated protective
order(final).doc

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

*Marylon Boyd v. City and County of San Francisco*, et al.

Case No. C04-5459 MCC, U.S.D.C., Northern District of California

**AGREEMENT TO COMPLY WITH STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL PERSONNEL INFORMATION**

    I, _____, have read and understand the Court's Protective Order for CONFIDENTIAL MATERIALS. I agree to abide by all terms of the Order. In addition, I specifically understand and agree to the following:

    1.    I will not disclose the CONFIDENTIAL MATERIALS, or the information and/or contents contained therein to any other person.

    2.    I understand that I have no power to authorize any other person to review the CONFIDENTIAL MATERIALS.

    3.    I agree not to make copies of the CONFIDENTIAL MATERIALS.

    4.    I agree to return the CONFIDENTIAL MATERIALS to the counsel for the party that produced it, at or before the conclusion of this litigation.

SO AGREED:

_____        _____
DATE                                      SIGNATURE

                                         _____
                                         PRINT NAME