IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARYLON BOYD, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>    Defendants.<br>_____/ | No. C-04-5459 MMC<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION IN LIMINE TO ALLOW THE TAPE RECORDED STATEMENT OF WITNESS JOE CAMPOS TO BE ADMITTED INTO EVIDENCE; VACATING HEARING**<br><br>(Docket No. 149) |

     Before the Court is defendants' Motion in Limine, filed October 24, 2006, To Allow The Tape Recorded Statement Of Witness Joe Campos To Be Admitted Into Evidence pursuant to Rule 804(b)(6) of the Federal Rules of Evidence, or, in the alternative, pursuant to Rule 807. Plaintiffs have filed opposition to the motion; defendants have filed a reply. Having considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for decision without oral argument, see Civil L.R. 7-1(b), VACATES the December 1, 2006 hearing, and rules as follows:

     1. Rule 804(b)(6) requires, inter alia, a showing that the declarant is unavailable. See Fed. R. Ev. 804(b)(6). Although, to date, Campos has refused to be deposed, defendants have not shown, in light of the number of months remaining prior to the June 11, 2007 trial date, that Campos will at that time "persist in refusing to testify." See Fed. R. Ev. 804(a)(2). Accordingly, to the extent defendants seek to admit Campos's

statement pursuant to Rule 804(b)(6), the motion is hereby DENIED without prejudice to defendants' reasserting the motion at a date closer to trial.[1]

      2. Rule 807 requires, <u>inter alia</u>, a showing that "the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts." <u>See</u> Fed. R. Ev. 807.  Here, as discussed above, defendants have not shown they will be unable to procure Campos's testimony at trial.  Accordingly, to the extent defendants seek to admit Campos's statement pursuant to Rule 807, the motion is hereby DENIED without prejudice to defendants' reasserting the motion at a date closer to trial.[2]

This order terminates Docket No. 149.

**IT IS SO ORDERED.**

Dated: November 28, 2006

MAXINE M. CHESNEY
United States District Judge

---

[1] In light of this ruling, the Court expresses no opinion as to whether the other requirements of Rule 804(b)(6) have been satisfied.

[2] In light of this ruling, the Court expresses no opinion as to whether the other requirements of Rule 807 have been satisfied.