IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARYLON BOYD, for herself and as Executor of the Estate of CAMMERIN BOYD, deceased, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>CITY OF SAN FRANCISCO, et al.,<br><br>  Defendants | No. C-04-5459 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO OFFICER JAMES O'MALLEY AND FOR PARTIAL SUMMARY JUDGMENT AS TO CITY AND COUNTY OF SAN FRANCISCO**<br><br>(Docket No. 192) |

Before the Court is defendants' motion, filed March 16, 2007, for summary judgment as to San Francisco Police Officer James O'Malley ("Officer O'Malley") and for partial summary judgment as to the City and County of San Francisco ("City"). Plaintiffs have filed opposition to the motion; defendants have filed a reply. Having considered the papers filed in support of and in opposition to the motion, as well as the arguments of counsel at the April 20, 2007 hearing, and for the reasons set forth at the hearing, the Court rules as follows:

1. With respect to plaintiffs' claim against Officer O'Malley for violation of the Fourth Amendment to the United States Constitution, a reasonable jury could conclude that Officer O'Malley's use of force against decedent Cammerin Boyd ("Boyd") was objectively unreasonable in light of the facts and circumstances confronting him. See Graham v.

1  Connor, 490 U.S. 386, 388 (1989); Tennessee v. Garner, 471 U.S. 1, 3 (1985).  Although
2  the evidence is undisputed that Officer O'Malley had probable cause to believe that Boyd
3  posed a threat of serious physical harm to Officer O'Malley and to others, reasonable jurors
4  could come to differing conclusions as to whether the use of deadly force was necessary to
5  prevent Boyd from escaping at the moment Officer O'Malley fired his gun at him.
6  Compare, e.g., McCaslin v. Wilkins, 183 F.3d 775, 777, 779 (8th Cir. 1999) (finding triable
7  issue on Fourth Amendment claim where police shot defendant after high speed
8  automobile chase and evidence was disputed as to whether vehicle had stopped or was
9  advancing on police at time of shooting) and Bennett v. Murphy, 274 F.3d 133, 135 n.2,
10 136 (3d Cir. 2002) (finding triable issue as to Fourth Amendment claim where armed
11 suspect began moving towards police officers but had stopped for "perhaps four seconds"
12 before being shot by police officer) with Pace v. Capobianco, 283 F.3d 1275, 1282 (11th Cir.
13 2002) (finding no Fourth Amendment violation where car chase had "stopped for, at most, a
14 very few seconds when shots were fired" and "reasonable police officers could have
15 believed that the chase was not over").
16      Nonetheless, Officer O'Malley is entitled to qualified immunity with respect to the
17 Fourth Amendment claim, see Saucier v. Katz, 533 U.S. 194, 201-202 (2001), because the
18 law was not sufficiently settled, at the time of the incident, that Officer O'Malley was not
19 entitled to use deadly force in the circumstances he confronted.  See, e.g., Brosseau v.
20 Haugen, 543 U.S. 194, 200-01 (2004) (finding, where officer shot fleeing suspect who
21 presented risk to others, Fourth Amendment law not "clearly established"; noting "this area
22 is one in which the result depends very much on the facts of each case"); Pace, 283 F.3d
23 at 1283 (finding no "clearly established rule" precluding police officer from using deadly
24 force "where the fleeing suspect appeared to be dangerous by virtue of his hazardous
25 driving . . . and where the suspect remained in his automobile with the engine running,
26 even when almost surrounded by officers and where – *IF* the chase had ended at all – it
27 had ended (at most) a very few seconds before the officers fired") (emphasis in original).
28      Accordingly, defendant's motion for summary judgment with respect to the Fourth

Amendment claim asserted against Officer O'Malley is hereby GRANTED.

2. With respect to the state law claims, the same triable issues exist with respect to the reasonableness of Officer O'Malley's use of force, and as defendant concedes no immunity is applicable to such claims, defendants' motion for summary judgment as to the state law claims asserted against Officer O'Malley is hereby DENIED.

3. With respect to the state law claim against the City for negligent hiring, supervision, and retention, defendants have not demonstrated that the reasoning of Armenta v. Churchill, 42 Cal. 2d 448, 457 (1954), should be extended to bar such claims. Accordingly, defendants' motion for summary judgment as to the state law claim against the City for negligent hiring, supervision, and retention is hereby DENIED.

This order terminates Docket No. 192.

**IT IS SO ORDERED.**

Dated: April 23, 2007

MAXINE M. CHESNEY
United States District Judge