IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARYLON BOYD, et al., | No. C-04-5459 MMC |
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS; VACATING HEARING** |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, et al., | |
| Defendants. | |

Before the Court is the motion, filed June 26, 2008 by defendants, to strike plaintiffs' Motion for Review of Clerk's Taxation of Costs ("Motion for Review"), on the ground that the Motion for Review is untimely under Rule 54(d)(1) of the Federal Rules of Civil Procedure and Rule 54-5 of the Civil Local Rules of this District. No opposition has been filed.

Having considered the papers filed in support of the motion to strike, the Court finds the matter is appropriate for resolution without oral argument, see Civil L.R. 7-1(b), hereby VACATES the August 15, 2008 hearing, and rules as follows.

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, the Court may review the Clerk's taxation of costs when such a review is requested by motion filed no more than five days after the taxation of costs. See Fed.R.Civ.P. 54(d)(1) (providing "clerk

1  may tax costs on 1 day's notice" and court may review clerk's action "[o]n motion served
2  within the next 5 days").  Similarly, Rule 54-5 of the Civil Local Rules requires that "any
3  motion for review of the Clerk's taxation of costs must be filed within 5 days of the entry of
4  the notice of taxation of costs."  See Civil L.R. 54-4.

5  A party's failure to file a timely motion for review of the Clerk's award of costs
6  constitutes a waiver of the right to challenge the award.  See Walker v. California, 200 F.3d
7  624, 626 (9th Cir. 1999) (holding "a party may demand judicial review of a cost award only
8  if such party has filed a proper motion within the five-day period specified in Rule 54(d)(1)";
9  finding plaintiffs waived right to challenge cost award, where court construed notice of
10 appeal, filed 25 days after end of five-day period specified in Rule 54(d)(1), as a motion for
11 review of costs).

12 In the instant action, the Clerk, on June 4, 2008, entered a notice of taxation of costs
13 and of supplemental/amended costs.  Plaintiffs, however, did not file their Motion for
14 Review until June 19, 2008, fifteen days later.

15 Accordingly, defendants' motion to strike is hereby GRANTED and plaintiffs' Motion
16 for Review is hereby STRICKEN.

17 **IT IS SO ORDERED.**

18 Dated: July 30, 2008
19 MAXINE M. CHESNEY
   United States District Judge

2